STATE EX REL. PALLANGE, Appellant, vs. WISCONSIN REAL ESTATE BROKERS' BOARD, Respondent.*

*May 6—June 1, 1942.*

---

* Motion for rehearing denied, with $25 costs, on September 16, 1942.

*Cyril C. Foster* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General* and *Myron L. Silver,* assistant attorney general, and oral argument by *Mr. Silver.*

WICKHEM, J.   On March 18, 1941, the Wisconsin Real Estate Brokers' Board, after a hearing, revoked plaintiff's license for 1941 as a real-estate broker.   This action was predicated upon findings :

(1)   That plaintiff had continued to harass a certain George Hambuch for payment of a pretended commission, knowing full well that no commission was owing to plaintiff by Hambuch.

(2)   That plaintiff has demonstrated untrustworthiness to act as a real-estate broker in such matters as to safeguard the interests of the public.

(3)   That plaintiff has been guilty of conduct constituting improper dealing.

In addition to this, there were other findings disposing in detail of matters contested upon the hearing.   Upon this appeal plaintiff contends that the findings of the board essential to its action are in conflict with certain determinations upon the same subject matter by the civil court of Milwaukee county ; that the board's findings were beyond its competency and that its action is therefore unsupported by evidence.

In order properly to understand and dispose of these contentions it is necessary briefly to review the facts.   Plaintiff,

a resident of Milwaukee, has held a real-estate broker's license since 1925. One Martz worked for him for some time as salesman under an arrangement whereby commissions were shared equally between them on any sales by Martz. Between August 1, 1938, and January 1, 1939, Martz, as appellant's salesman, represented one Hambuch in an exchange of some real estate owned by Hambuch for that owned by one Otto. When Martz started working on the transaction plaintiff informed him that the commission would be $200 each from Hambuch and Otto, and contracts were drawn to this effect. According to Hambuch he never signed this contract and agreement to pay a commission. At the conclusion of the deal Mr. Otto paid his commission, but Hambuch declined to pay anything. There is evidence to the effect that plaintiff put the matter in the hands of Martz to straighten out, and that Martz brought to plaintiff's office a note in the sum of $50 dated December 1, 1938, purporting to be in full payment of the commission by Hambuch upon the trade. Thereafter, Martz collected the $50 from Hambuch, paid $25 of it to plaintiff, and took a receipt. The note for $50 was a judgment note, and on June 5, 1939, after receiving $25 as his full share of the proceeds of the note, and with knowledge that it had been fully paid, appellant's attorney caused judgment by confession to be entered against Hambuch on the note and instituted supplementary proceedings against Hambuch. Thereafter, plaintiff sued Hambuch for the collection of $75 alleged to be the balance due as his share of the commission owed by Hambuch. This action was dismissed by the civil court of Milwaukee county. Upon this evidence, some of which is in conflict, the conclusions of the Real Estate Brokers' Board are based.

Upon the facts as heretofore stated, it is not contended (nor could it be contended) that the findings of the board are unsupported if the board had any competency to base its findings upon the record made before it. Plaintiff's claim is:

(1) That evidence is contrary to certain findings of fact made by the civil court of Milwaukee county in plaintiff's action to recover commission, and

(2) That the findings of the civil court are conclusive upon the board.

We find it unnecessary to consider the second part of the contention because we deem the first part erroneous in point of fact. Plaintiff, after entering judgment upon the $50 note which had already been paid, sued Hambuch, for balance of commission due. In the course of a colloquy with counsel, which ended with dismissal of plaintiff's cause of action, the court made the following statements:

"Well, as the court figures this out he certainly on the judgment he received the benefit of the judgment. He has sued on that same note that was given for that purpose, then he has received $25 in cash. Now, that makes $75 that is being sued for here now, if the court is not in error. Certainly he can't bring another action for the $50 if he has already judgment. He will have to proceed on his judgment, wouldn't he. He admits receiving the $25 that has been paid. So the motion to dismiss the action is granted. Clearly shown by the testimony of the plaintiff himself that this claim was paid."

"Certainly he was to receive $100, and he received $25, afterwards the $25 as shown by the receipt here. Then he took judgment for $50 on that note, so he has got the other $75."

These statements by the court are not findings or determinations. The part of the court's statement relied upon by plaintiff is to the effect that "certainly he was to receive $100, and he received $25, afterwards the $25 as shown by the receipt here. Then he took judgment for $50 on that note, so he has got the other $75." The court was simply repeating plaintiff's contentions and was leading up to a conclusion that plaintiff was not entitled to the $75 commission for which he was suing.

No question involved here was in issue before the civil court and plaintiff can have no more comfort out of this isolated statement than it can out of the fact that the court dismissed plaintiff's claim for commission. We discover nothing in the civil court proceedings to preclude the Real Estate Broker's Board from drawing such inferences as the facts adduced upon the hearing entitled it to draw.

While due to the importance of this case to plaintiff, and the fact that his contentions are readily disposed of upon the record, we have considered and disposed of the matter upon its merits, we direct attention to the fact that the points here raised were never directed to the attention of the Broker's Board or to the circuit court for Dane county, and that plaintiff has no standing to have them considered by this court.

*By the Court.*—Judgment affirmed.